# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND LORENZO WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 18-08310-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On September 26, 2018, Raymond Lorenzo Williams ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Social Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on February 4, 2019. (Dkt. 17.) On May 7, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 22.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 50 year-old male who applied for Supplemental Social Security Income benefits on September 10, 2014, alleging disability beginning January 1, 2009. (AR 18.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 10, 2014, the application date. (AR 20.)

Plaintiff's claim was denied initially on March 16, 2015, and on reconsideration on June 22, 2015. (AR 18.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Cynthia Floyd on March 1, 2017, in Long Beach, California. (AR 18.) Vocational expert ("VE") Christopher Salvo appeared at the hearing. (AR 18.) Plaintiff did not make an appearance; rather, he requested a continuance in a letter he drafted because he was incarcerated. (AR 18.) The ALJ granted his request. (AR 18.) Thereafter, Plaintiff appeared by telephone (AR 167) and testified at a hearing held on July 13, 2017, in Long Beach, California. (AR 18.) Vocational expert E. T. Kurata also appeared at the hearing. (AR 18.) Although informed of the right to representation, Plaintiff chose to appear without the assistance of an attorney or other representative. (AR 18.)

The ALJ issued an unfavorable decision on August 31, 2017. (AR 18-28.) The Appeals Council denied review on August 6, 2018. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ failed to satisfy her burden to fully and fairly develop the record.
2. Whether the ALJ satisfied her step 5 burden.
3. Whether the ALJ provided clear and convincing reasons to reject the subjective limitations of Raymond Williams.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 10, 2014, the application date. (AR 20.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: schizophrenia; and lumbar degenerative disc disease. (AR 20.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 20-22.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 416.967(b) with the following limitations:

> Claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, he can stand and/or walk six hours in an eight-hour workday with customary breaks; he can sit six hours in an eight-hour workday with customary breaks; and he can perform simple and routine tasks.

(AR 22-27.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence of record. (AR 24.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 27.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of shoe packer, cleaner-polisher, and inspector. (AR 27-28.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 28.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ did not fail to fully develop the record. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's step five decision that Plaintiff can perform work in the national economy is supported by substantial evidence.

**I.  THE ALJ DID NOT FAIL TO FULLY DEVELOP THE RECORD**

Plaintiff alleges disability due to schizophrenia and degenerative disc disease. (AR 23.) He alleges back pain, difficulty concentrating, auditory hallucinations, suicidal ideation, and

depressed mood. (AR 23.) The ALJ did find that Plaintiff has the medically determinable severe impairments of schizophrenia and lumbar degenerative disc disease. (AR 20.) The ALJ, however, also found that Plaintiff can perform light work limited to simple and routine tasks (AR 22), and thus is not disabled (AR 28).

Plaintiff argues that the ALJ failed to fully develop the record by not obtaining a consultative mental examination. The Court disagrees. An ALJ does have a duty to develop the record fully and fairly. Smolen, 80 F.3d at 1288. The duty to develop the record, however, is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001).

Here, the record evidence is neither ambiguous nor inadequate in regard to Plaintiff's mental status. Two State agency reviewing physicians opined that Plaintiff had moderate to no limitations in mental functioning and could perform simple and routine tasks. (AR 26, 178-190, 192-203.) The ALJ gave these opinions significant weight because the RFCs they assessed are consistent with the objective medical evidence and with the benign clinical findings in the record. (AR 26.) The medical records include mental status examinations and treatment notes from Plaintiff's treating psychiatrist (AR 490-495), a detailed psychological evaluation in 2014 (AR 502-04), and mental health evaluations and ongoing treatment notes from Plaintiff's time in prison. (AR 505-519.)

The ALJ had sufficient information to assess Plaintiff's mental status and to ascribe a light work RFC limited to simple and routine tasks. Plaintiff has not demonstrated any ambiguity or inadequacy of the record. The ALJ had no duty to further develop the record by ordering a consultative examination. See Malloy v. Colvin, 664 F. App'x 638, 640 (9th Cir. 2016) (no need to order consultative psychological examination because record neither ambiguous nor inadequate to make a proper evaluation).

Plaintiff suggests that the ALJ herself found insufficient evidence, but this assertion misreads the ALJ's decision. The ALJ found repeatedly that there was insufficient evidence to establish Plaintiff had serious limitations in any area of mental functioning, including the ability to focus attention on work activities on a sustained basis. (AR 21-22.) Plaintiff's mental

limitations were only mild to moderate. (AR 21-22.) These findings are entirely consistent with a limitation to simple and routine tasks and provide no basis for asserting the record is ambiguous or inadequate to evaluate Plaintiff's mental functioning.

Plaintiff also notes that he submitted additional evidence after the ALJ decision to the Appeals Council. The Appeals Council found that the new evidence does not relate to the period at issue. (AR 2.) This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Id. at 1161-63. The Ninth Circuit in Brewes specifically cited and relied on 20 C.F.R. § 404.970(b), which provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted . . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b) (emphasis added); Brewes, 682 F.3d at 1162 n.3; see also 42 U.S.C. § 405(g). The new evidence must be treated as part of the administrative record. Brewes, 682 F.3d at 1162. Remand, however, is warranted only if there is new evidence that is material; new evidence is material if it bears directly and substantially on the matter in dispute and if there is a "reasonable possibility" that the new evidence would have changed the outcome of the determination. Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) (citing Booz v. Sec'y of Health & Human Servs, 734 F.2d 1378, 1380 (9th Cir. 1984)); see also La Cruz v. Colvin, 2016 WL 6562930, at *7 (C.D. Cal. Mar. 7, 2016). Again, this Court does not review the Appeals Council decision, but it reviews the ALJ decision including the new evidence

submitted. Brewes, 682 F.3d at 1161-63. The new evidence (AR 38, 64-65) consists of mental status examinations that Plaintiff does not demonstrate are different from other mental status examinations in the record. Nor does Plaintiff explain how the new evidence renders the record ambiguous or inadequate. The new evidence is not material.

Plaintiffs cites to no legal authority that requires an ALJ to order a consultative examination as part of the duty to develop the record or because of the possibility that the ALJ would have found additional limitations. The ALJ's RFC is based on substantial evidence and free of legal error. Plaintiff disagrees with the ALJ's assessment, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas v. Barnhard, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ improperly discounted his subjective symptom allegations. The Court disagrees.

### A. Relevant Federal law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341,

346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 857; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.  Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiffs' medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 24.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his alleged symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 24.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were "not fully supported" by the objective medical evidence. (AR 24.) An ALJ is permitted to consider whether there is a lack of evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Plaintiff alleges back pain, but there is no evidence of muscle atrophy in his lower extremities. He alleges mental impairments, but he

has not had psychiatric hospitalizations. (AR 25.) The ALJ found on review of the record medical evidence that Plaintiff's treating physicians did not recommend any restrictions as one would expect. (AR 25.) Nevertheless, the ALJ accommodated Plaintiff's subjective symptom allegations with a light work RFC limited to simple and routine tasks. (AR 22.) Significantly, Plaintiff fails to explain what additional functional limitations should be imposed.

Second, the ALJ found that Plaintiff's treatment has been routine and conservative, consisting of medications. An ALJ may consider conservative treatment in evaluating a claimant's subjective symptom allegations. Tommasetti, 533 F.3d at 1039. Here, the ALJ found that Plaintiff's back pain was treated conservatively with medications. (AR 24.) There were no referrals to a specialist for his back pain. (AR 25.) Plaintiff's mental impairments also were treated conservatively with medications. (AR 24.) Plaintiff himself admitted he takes psychotropic medications that are helpful. (AR 23.) Although he continues to hear voices, he is able to ignore them with medications. (AR 23.) He confirmed his mental condition is stable.[1] (AR 23.) Impairments that can be controlled with medications are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff disagrees with the Court's discounting of Plaintiff's subjective symptom allegations, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

---

[1] Plaintiff also alleges he does not get along well with others, and the ALJ erred by failing to assess any social limitations. Yet the ALJ made a specific finding based on the record evidence that Plaintiff has only mild limitations in interacting with others. (AR 21.) He was cooperative during mental status examinations. (AR 21.) State agency reviewing psychologists found Plaintiff not significantly limited in getting along with others. (AR 187, 201.)

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

### III. THE ALJ'S STEP FIVE DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE

At step five of the sequential process, the ALJ asked the VE whether an individual like Plaintiff who can perform light work limited to simple and routine tasks can do any jobs in the national economy. (AR 175.) The VE identified three jobs: shoe packer (DOT 920.687-166); cleaner-polisher (DOT 709.687-010); and inspector (DOT 529.687-114). (AR 27-28, 175-176.) The ALJ relied on the VE's testimony in finding Plaintiff not disabled. (AR 28.)

Plaintiff challenges the ALJ's step five finding because State agency physicians opined that Plaintiff could perform simple repetitive tasks but would have marked limitations in the ability to carry out detailed tasks. (AR 200.) A simple repetitive tasks limitation has been held consistent with both Reasoning Level 1 (one and two step instructions) and Reasoning Level 2 (three and four step instructions) jobs. Chavez v. Astrue, 2009 WL 5172857, at *7 (C.D. Cal. Dec. 21, 2009); Dictionary of Occupational Titles, App. C. Reasoning Level 2 jobs require a claimant to carry out "detailed but uninvolved written or oral instructions." Two of the jobs identified by the VE are Reasoning Level 2 jobs — shoe packer and inspector. Plaintiff contends that the State agency physician's opinion that Plaintiff has marked limitations in the ability to perform detailed tasks would preclude these two jobs. The only remaining job of cleaner-polisher, which is a Reasoning Level 1 job, has only 5900 jobs available nationally, which is not a significant number of jobs.

Plaintiff's argument is meritless. The ALJ plainly rejected the State agency physician's opinion that Plaintiff had marked limitations in the ability to carry out detailed tasks. The ALJ stated in Finding No. 4 that he gave significant weight to the opinions of State agency psychological consultants that Plaintiff has "none to moderate limitations" in broad areas of mental functioning. (AR 26.) The ALJ's assessment is a rejection of other marked limitations. The ALJ, moreover, already had rejected the consultants' marked limitations in Finding No. 3 addressing severity. The ALJ noted that a marked limitation means functioning "independently,

11

appropriately, effectively, and on a sustained basis was seriously limited." (AR 21.) The ALJ then proceeded to find that there was "insufficient" evidence that Plaintiff was seriously limited: (1) in the ability to understand, remember, or apply information, (2) in interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) in adapting, managing oneself. (AR 21-22.) In each of these areas of mental functioning, the ALJ found mild to moderate limitations. (AR 21-22.)

More broadly, one cannot reasonably read the ALJ's opinion to endorse marked limitations. In addition to the ALJ's finding that Plaintiff did not have "serious limitations" in mental functioning, the ALJ found that Plaintiff's mild to moderate limitations were consistent with the objective medical evidence and benign clinical findings. (AR 26.) The ALJ noted that Plaintiff's treating physicians never recommended any restrictions. (AR 25.) The ALJ also properly discounted Plaintiff's subjective symptom allegations. (AR 24.)

The ALJ did not directly mention the State physicians' marked limitations but certainly made substantial findings that support less than marked limitations in the ability to carry out detailed but uninvolved written or oral instructions. Any error in not explicitly mentioning the marked limitations opinions of the State agency physicians was harmless. See Tommasetti, 533 F.3d at 1038 (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

The ALJ's step five finding is supported by substantial evidence.

\* \* \*

The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

///
///
///
///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: November 21, 2019

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE